UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD, | No. 2:13-cv-02461 KJM DAD P |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondents. | |

I.    <u>INTRODUCTION</u>

      Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF 1.) The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (ECF 2.) On February 20, 2014, the magistrate judge filed findings and recommendations, which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within fourteen days. (ECF 8.) Petitioner did not file

/////

/////

/////

1

objections to the findings and recommendations. In adopting the magistrate judge's findings and recommendations, the court noted

> although it appears from the file that petitioner's copy of the findings and recommendations was returned, petitioner was properly served. It is the petitioner's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

(ECF 9 at 1.)

Accordingly, the court dismissed the action without prejudice for failure to prosecute. (*Id.* at 2.) Petitioner now moves to reopen the time to file an appeal, arguing that he "was in Seattle . . . for mental health evaluation in the criminal case . . . ." (ECF 11 at 1.)

II. ANALYSIS

Under Federal Rule of Appellate Procedure 4(a)(6), the district court may reopen the time to file an appeal for a period of 14 days, but only if all of the following conditions are met:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

However, even if the Rule's requirements are met, a district court has the discretion to deny the motion. *Arai v. Am. Bryce Ranches Inc.*, 316 F.3d 1066, 1069 (9th Cir. 2003). Nevertheless, "[w]here a moving party makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue, a district court errs in denying the motion to reopen based solely on the party's failure to learn independently of the entry of judgment." *United States v. Withers*, 638 F.3d 1055, 1061-62 (9th Cir. 2011)

Here, petitioner has satisfied the Rule's elements. Petitioner satisfies the first element because petitioner declares that he did not receive the magistrate judge's findings and

2

recommendations and did not receive a copy of the judgment in this case. (ECF 11 at 1-2.) Petitioner satisfies the second element because he filed the instant motion within 180 days after the judgment: The court entered a judgment on April 1, 2014 (ECF 10), and petitioner filed the instant motion on July 21, 2014 (ECF 11). Nothing suggests he could have filed earlier than he has. Finally, as to the third element, there is no indication of prejudice to any party. Accordingly, because plaintiff has satisfied the three elements required under Rule 4(a)(6) and because plaintiff's motion is unchallenged, the court GRANTS petitioner's motion to reopen the time to file an appeal. *See Withers*, 638 F.3d at 1062 (holding the district court erred in denying the petitioner's motion to reopen the time to file an appeal where the petitioner "made an unchallenged assertion that he did not receive the notice of the entry of judgment . . . ."). The court reopens the time to file an appeal for 14 days, to be calculated from the filed date of this order.

        IT IS SO ORDERED.

DATED: August 20, 2014.

_____
UNITED STATES DISTRICT JUDGE